## UNITED STATES DISTRICT COURT
## DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| **DAIMARIE PABON MOLINA,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **Civil no. 1:19-cv-00446-WES-LDA** |
| | § | |
| **THE CADILLAC LOUNGE, L.L.C., d/b/a** | § | |
| **The Cadillac Lounge,** | § | |
| | § | |
| **Defendants.** | § | |

## AMENDED JOINT MOTION TO APPROVE FLSA SETTLEMENT AGREEMENT AND FOR DISMISSAL WITH PREJUDICE (WITH MEMORANDUM INCORPORATED)

NOW COME Plaintiff, Daimarie Pabon Molina, and Defendant, The Cadillac Lounge, L.L.C. (collectively, the "Parties"), by and through their undersigned counsel, and would respectfully request that this Court enter an Order approving the settlement reached in this case that is memorialized in the Settlement Agreement and Release (the "Settlement Agreement").

As more fully set forth in the accompanying Memorandum of Law, the settlement among the Parties satisfies all factors required for approval, in that it was reached through arms-length negotiations and falls within the range of possible approval. Therefore, the Parties hereby request that this Court grant this Amended Motion and enter the Proposed Order approving the Settlement Agreement and dismissing this action with prejudice.

Dated: November 23, 2021

1

## MEMORANDUM OF LAW

Plaintiff and Defendant respectfully submit this Memorandum of Law in support of their Joint Motion to Approve the Settlement Agreement. The Court's approval of the Settlement Agreement is requested by the Parties here as this case presents claims for unpaid wages under the Fair Labor Standards Act, 29 U.S.C. §§ 201-219 ("FLSA"). The Parties respectfully submit that the settlement as memorialized in the Settlement Agreement is fair and reasonable, satisfying the criteria for approval under section 216(b) of the FLSA.

## I.    INTRODUCTION

This case concerns a dispute under the Fair Labor Standards Act. Plaintiff performed as an exotic dancer at Defendant's nightclub from approximately early 2016 to early 2018. Defendant did not pay Plaintiff a salary or an hourly rate; rather, Plaintiff's compensation was in the form of tips from Defendant's club patrons. Specifically, Plaintiff alleges Defendant (1) misclassified her as an independent contractor rather than an employee; (2) failed to pay her a base hourly wage for all hours worked; and (3) required her to pay house fees to work at the club.

Plaintiff filed her complaint in federal court on August 26, 2019, alleging she is owed wages and reimbursement of fees from Defendant under the FLSA. Thereafter, Defendant filed a Motion to Dismiss the Case and to Compel Arbitration. *See* ECF No. 14. On December 6, 2019, the Parties filed a stipulation to stay the case and Plaintiff agreed to submit her claims individually to arbitration. *See* ECF No. 16. The Court entered the stipulation on December 13, 2019. *See* ECF No. 17 (Text Order). The issue of whether the contract between the Parties and the arbitration clause contained therein was enforceable was never briefed nor decided. Plaintiff continues to dispute the validity and enforceability of the arbitration clause.

Before filing her demand for arbitration with the American Arbitration Association ("AAA"), the Parties attempted to negotiate a settlement to avoid additional costs. To enable discussions, Defendant supplied Plaintiff's counsel with records regarding Plaintiff's shifts in 2018 and 2019 in February 2020. Unfortunately, the Parties were unable to settle the case at that time, and Plaintiff filed her arbitration demand on May 11, 2020, with the AAA. Plaintiff again alleged she was owed minimum wages and damages for misappropriated funds, including "house fees," tips taken from her via forced tip-outs, and fines.

Once in arbitration, a dispute arose over the appointed arbitrator. Ultimately, on August 26, 2020, the AAA appointed a new arbitrator to preside over the case. Next, the Parties and the Arbitrator conducted an initial conference to plan out the case setting discovery and motion deadlines. Thereafter, the Parties exchanged discovery requests on October 2, 2020.

On November 17, 2020, Defendant filed a motion with the AAA seeking an order directing Plaintiff to share equally in the costs and expenses of arbitration. It was Plaintiff's understanding that the AAA Employment Fee Schedule would apply per the AAA's policy to apply that schedule for wage and hour workplace disputes despite what rules the parties' contract states would be utilized. In response, Plaintiff filed her opposition to sharing the fees and costs associated with arbitration on September 24, 2020, and Plaintiff argued that a ruling in favor of the Defendant would effectively preclude her from vindicating her federal statutory rights. The Arbitrator ultimately decided on October 1, 2020, that, under the Parties' arbitration agreement, (1) Plaintiff was responsible to pay half of the AAA costs and fees, but (2) Defendant was responsible to pay all of the arbitrator's fees (including her hourly rate).

Meanwhile, due to the COVID-19 pandemic, Defendant's business experienced a complete shutdown of operations which has severely limited Defendant's revenue. In light of the pandemic

and the ruling on arbitration fees and costs, both Parties were motivated to find a reasonable resolution to this case to avoid further expenses.

The Parties successfully reached a settlement agreement around November 3, 2020. The Parties now respectfully request that the Court grant their Amended Joint Motion to Approve their FLSA Settlement Agreement and to Dismiss the case With Prejudice for the reasons stated herein. The final terms of the settlement are reflected in the Settlement Agreement submitted simultaneously with this Motion. *See* Exhibit A.

## II.    <u>ARGUMENTS AND AUTHORITIES</u>

It is well established that courts favor settlements of lawsuits over continued litigation. *See, e.g., E.E.O.C. v. Astra U.S.A., Inc.*, 94 F.3d 738, 744 (1st Cir. 1996) ("We do not doubt that public policy strongly favors encouraging voluntary settlement"); Newberg on Class Actions § 11:41 ("The compromise of complex litigation is encouraged by the courts and favored by public policy").

"Ordinarily there [is] no need" for the Court to approve the settlement of a "dispute between employer and employees [because] people may resolve their own affairs, and an accord and satisfaction bars a later suit." *Walton v. United Consumer Club, Inc.*, 786 F.2d 303, 306 (7th Cir. 1986). However, this case involves claims for unpaid overtime wages brought pursuant to the FLSA, which is "designed to prevent consenting adults from transacting about minimum wages and overtime pay." *Id.* "Courts therefore have refused to enforce wholly private settlements." *Id.* (*citing Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352 (11th Cir. 1982)).

Claims for unpaid overtime and minimum wage under the FLSA cannot be waived or settled. *Brooklyn Savings Bank v. O'Neil*, 324 U.S. 697, 706 (1945). The two exceptions to this rule are 1) that the Secretary of Labor can supervise the payment of back wages or 2) that the

employer and employee may present the proposed settlement to a district court for approval. *See* 29 U.S.C. § 215(b); *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354 (11th Cir. 1982).

A court may approve an FLSA settlement if it is "a fair and reasonable resolution of a bona fide dispute over FLSA provisions," *D.A. Schulte, Inc. v. Gangi*, 328 U.S. 113, n. 8 (1946); *Lynn's Food Stores, Inc.*, 679 F.2d at 1354-55; *Jarrard v. Se. Shipbuilding Corp.*, 163 F.2d 960, 961 (5th Cir. 1947). If a settlement in an FLSA suit reflects "a reasonable compromise over issues," such as FLSA coverage or computation of back wages that are "actually in dispute," the court may approve the settlement "in order to promote the policy of encouraging settlement of litigation." *Lynn's Food Stores, Inc.*, 679 F.2d at 1354.

"In determining whether a settlement is fair and reasonable, a court considers the totality of the circumstances, encompassing a range of factors including: (1) the plaintiff's range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether the settlement agreement is the product of arms-length bargaining between experienced counsel; and (5) the possibility of fraud or collusion." *Matheis v. NYPS*, No. 13CV6682-LTS-DCF, 2016 WL 519089, at *1 (SD.N.Y. Feb. 4, 2016) (internal quotation marks and citation omitted).

Here, the Parties agree the settlement is fair and represents a reasonable compromise of the disputed issues in this case and considerations discussed herein.

## A.    A "bona fide dispute" regarding Plaintiff's entitlement to owed wages exists in this case.

As stated above, the Court must first determine whether a "bona fide dispute" exists regarding Plaintiff's entitlement to compensation under the FLSA. Such a "bona fide dispute"

exists where the parties disagree regarding the factual allegations underlying a Plaintiff's FLSA claim and whether the Defendant violated the FLSA.

In this case, Defendant has raised a "bona fide dispute" as to several aspects of the Plaintiff's claims. First, the Parties disagree over whether Plaintiff would rightfully be categorized as an employee. Defendant asserts that Plaintiff was never an employee and instead operated as a licensee with no rights to wages or protection under the FLSA. Had this matter not settled, the Parties would have submitted this dispute for resolution at summary judgment.

Further, even if Plaintiff was found to be an employee, the Parties fundamentally disagree as to the number of "shifts" Plaintiff allegedly worked and whether Defendant failed to pay Plaintiff the required minimum wage rate under the FLSA. Additionally, there remain outstanding issues regarding the number of house fees that Plaintiff was required to pay, the amount of said fees, and whether Defendant would apply for the good faith exception to liquidated damages.

Absent settlement, these disputes would have been submitted to a final finder of fact, which the Parties recognized as posing the substantial risk of a potentially considerable fluctuation in liability depending on the resolution of these issues.

The Parties' Settlement Agreement was achieved during arms-length negotiations conducted by experienced counsel. Moreover, the Settlement Agreement serves to resolve claims by Plaintiff subject to "bona fide disputes" by Defendant as to the underlying propriety of the claims as well as the amount sought. As such, the Settlement Agreement is consistent with the aims and purposes of the FLSA. Accordingly, for these reasons and as more fully set forth below, the Parties request that the Court approve the Settlement Agreement in this case.

**B.    The settlement is fair and reasonable in light of the uncertainty of the outcome regarding whether Plaintiff would prevail on the merits of the case and likelihood of recovery on any award.**

While counsel for both Parties believe in the merits of their client's positions, they also recognize that the litigation of the claims in this case involves uncertainty in terms of duration, cost, and result. There is additional uncertainty regarding the enforceability of the Parties' arbitration agreement and the appropriate forum in which to resolve the merits of the dispute. Moreover, even if Plaintiff succeeded on the merits of some or all the claims, the amount of recovery is uncertain and is an additional point of disagreement between the Parties. Given the uncertainty surrounding continued litigation and a possible final hearing in this case, the certainty offered by the Settlement Agreement favors the Court's approval in this case.

The Settlement Agreement resolves all of Plaintiff's claims against Defendant in this case, including her claims for unpaid wages under the FLSA. As set forth in the Settlement Agreement, the total settlement amount of $5,000 will cover: (a) Plaintiff's claim for liquidated and other compensatory damages for her claims under the FLSA (*See* Exhibit A, p.3, ¶3.a) and (b) Plaintiff's Counsel's attorneys' fees and costs (*See id.* at p.3, ¶3.b).

At trial, Plaintiff would seek to prove $66,156.14 in damages. However, to avoid the uncertainty and costs of litigation, Defendant has agreed to pay Plaintiff the amounts set forth in the Settlement Agreement. The settling Parties have agreed that, in exchange for this payment, Plaintiff's claims will be dismissed with prejudice. The Parties have already signed the Settlement Agreement. There is no evidence, or even claim, of fraud or collusion. To the contrary, the settlement agreement is a by-product of settlement negotiations by experienced and competent counsel.

**C.      The attorneys' fees sought are fair and reasonable.**

Additionally, the amount for attorneys' fees is fair and reasonable. The FLSA provides that a Court "shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and the costs of the action." 29 U.S.C. § 216(b). The Parties agree that the amount paid under the Settlement Agreement to cover Plaintiff's attorneys' fees and costs were reasonable and necessary.

To determine the reasonableness of fees, the courts use the lodestar method. *Davis v. Footbridge Engr. Services, LLC*, 09CV11133-NG, 2011 WL 3678928, at *1 (D. Mass. Aug. 22, 2011). The lodestar method multiplies the number of hours reasonably expended on the litigation by a reasonable hourly rate. *Gay Officers Action League v. Puerto Rico*, 247 F.3d 288, 295 (1st Cir.2001) (*quoting Hensley v. Eckerhard*, 461 U.S. 424, 433 (1983)). The court may then adjust upwards or downwards depending on the circumstances. *Rogers v. Motta*, 655 F.Supp. 39, 43 (D.Mass.1986). Typically, a court may adjust downwards if there is a finding of unreasonable expenditures such as duplicative or excessive work and overstaffing. *Id*. The court may also depart upwards due to the complexity of issues and the quality of representation. *Blum v. Stenson*, 465 U.S. 886, 887 (1984).

In this case, Plaintiff's counsel bill at rates ranging from $300 to $672 per hour. Plaintiff's counsel's staff, including paralegals and law clerks, bill at rates ranging from $70 to $225 per hour. Collectively, counsel and staff (lead and local) have billed over 162 hours in the case which totals $50,896.02x. *See* Exhibit B. Plaintiff's counsel has recoverable litigation costs in the amount of $1,210.00. *See* Exhibit C.

Although the settlement fee and cost payment by Defendant calculates to an amount less than Plaintiff's counsel's lodestar, in the interest of a settlement, Plaintiff's counsel accepted the

lesser sum listed in the Settlement Agreement. *See* Exhibit A, p.4, ¶4.a. Plaintiff's counsel's agreement to accept a significantly lesser sum as a reduced fee is reasonable and in line with the work performed and the recovery received in this case. Plaintiff's counsel agreed to accept payment by Defendant of attorney's fees and costs in the combined total amount as stated in the Settlement Agreement

**D.    The settlement should be approved by the Court because it is fair and reasonable.**

The settlement reached by the Parties, as memorialized in the Settlement Agreement, is fair and reasonable to both Plaintiff and Defendant. Plaintiff's counsel has significant experience litigating employment claims, including claims under the FLSA for employee misclassification, unpaid overtime, and hours worked. The Settlement Agreement was achieved only after vigorous litigation as well as exhaustive arms-length and good faith negotiations between the Parties which culminated in the Settlement Agreement being reached to resolve Plaintiff's claims in this case. Prior to and during negotiation of the Settlement Agreement, the Parties participated in frank and informal discovery and investigation of the claims. Thus, the factual and legal issues in this case were thoroughly explored by counsel for both Parties, and all aspects of the dispute are well understood by both Plaintiff and Defendant. *See Rolland v. Cellucci*, 191 F.R.D. 3, 6 (D. Mass. 2000) (holding parties seeking settlement approval obtain "a strong initial presumption that the compromise is fair and reasonable by establishing that the settlement was reached after arms-length negotiations, that the proponents' attorneys have experience in similar cases, [and] that there has been sufficient discovery to enable counsel to act intelligently").

The settlement here was negotiated by attorneys who have been vigorously prosecuting and/or defending this and similar claims for many years. Both sides have had considerable experience in prosecuting, defending, and settling federal and state wage and hour claims

previously, and, in this case, were particularly well informed as to the facts and circumstances of the litigation.

After the Parties reached an agreement on the settlement, the Parties engaged in extensive negotiations concerning the specific terms of the settlement and the scope of the release. The settlement documents that were ultimately approved and executed by the Parties are the result of very comprehensive discussions, as well as exhaustive and hard-fought negotiations.

All of the above considered, there can be no question that this Settlement Agreement represents fair value for the Plaintiff.

### III.    CONCLUSION

The terms of the Settlement Agreement have been approved by Plaintiff, Plaintiff's counsel, Defendant, and Defendant's Counsel. The Settlement Agreement was negotiated at arms-length. The Parties entered into the Settlement Agreement voluntarily and knowingly. The Parties agree that the terms of the Settlement Agreement are reasonable, fair, and just, and they settle all claims in this lawsuit. Accordingly, the Parties request that the Court approve the Settlement Agreement.

For the foregoing reasons, the Parties respectfully request that the Court enter an order approving the Parties' Settlement Agreement and Dismiss the case With Prejudice. A Proposed Order is attached for the Court's consideration.

Respectfully submitted,

FOR PLAINTIFF:

Hodges & Foty, LLP

*/s/ David W. Hodges*
David W. Hodges (admitted pro hac vice)
State Bar No. 00796765
dhodges@hftrialfirm.com
4409 Montrose Blvd., Suite 200
Houston, TX 77006
Telephone: 713-523-0001
Fax: 713-523-1116

ATTORNEY-IN-CHARGE FOR
PLAINTIFF

AND

ENRIGHT LAW L.L.C.
Thomas J. Enright
Rhode Island Bar No. 17456
tom@enrightlawfirm.com
ENRIGHT LAW LLC
696 Reservoir Ave
Cranston, RI 02910
Telephone: (401) 526-2620
Fax: (401) 457-7117

FOR DEFENDANT:

WHELAN  CORRENTE  &  FLANDERS
LLP

*/s/ Caroline R. Thibeault*
Robert Clark Corrente (#2632)
Caroline R. Thibeault (#9697)
100 Westminster Street, Suite 710
Providence, RI 02903
401-270-4500
rcorrente@whelancorrente.com
mparker@whelancorrente.com

## CERTIFICATE OF SERVICE

I certify that on November 23, 2021, a true and correct copy of the foregoing instrument

was served via the Court's electronic case filing service.

*/s/ David W. Hodges*
 David W. Hodges

## UNITED STATES DISTRICT COURT
## DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| **DAIMARIE PABON MOLINA,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **Civil no. 1:19-cv-00446-WES-LDA** |
| | § | |
| **THE CADILLAC LOUNGE, L.L.C., d/b/a** | § | |
| **The Cadillac Lounge,** | § | |
| | § | |
| **Defendants.** | § | |

## <u>PROPOSED ORDER</u>

THIS CAUSE comes before the Court on the Joint Motion to Approve FLSA Agreement and for Dismissal with Prejudice. Upon review and consideration, it is therefore ORDERED AND JUDGED that:

1. The Joint Motion to Approve FLSA Agreement and for Dismissal with Prejudice is GRANTED.

2. The settlement is approved.

3. This action is dismissed with prejudice.

**IT IS SO ORDERED** on this _____ day of _____ 2021.


_____

Judge Presiding

# EXHIBIT A

# SETTLEMENT AGREEMENT AND RELEASE

This Agreement, dated this ___ day of May, 2021, is by and between Claimant / Plaintiff Daimarie Pabon Molina (referred to herein as "Plaintiff"), on the one hand and The Cadillac Lounge, L.L.C. ("the Club" or "Defendant") on the other hand (all collectivity the "Parties").

WHEREAS, Plaintiff performed as an exotic dancer on the premises of the Club and filed a lawsuit against the Club and Valentino Lombardi in the United States District Court for the District of Rhode Island ("the Court") for claims arising out of the federal Fair Labor Standards Act (29 U.S.C. §§ 201 *et seq.*) and otherwise alleging she was denied minimum wages and owed damages for misappropriated funds, including "house fees," tips taken from her via forced tip outs, and fines on August 26, 2019 (Pabon Molina v. The Cadillac Lounge L.L.C. et al., Case No. 1:19-cv-00446; the "Action");

WHEREAS, the Parties agreed to stipulate to stay the case and order arbitration on December 6, 2019 and the Court subsequently signed the stipulation on December 13, 2019; and

WHEREAS, Plaintiff filed her Arbitration Demand with the American Arbitration Association on May 11, 2020 seeking owed minimum wages and owed damages for misappropriated funds, including "house fees," tips taken from her via forced tip outs, and fines; and

WHEREAS, Defendant denies any and all liability to Plaintiff, contends that it has complied in good faith with all applicable federal, state, and local laws and regulations, and would have vigorously contested Plaintiff's efforts to recover damages should the action have continued; and

WHEREAS, all Parties are asserting their respective contentions in good faith, and all Parties realize the uncertainty and the time-consuming nature of litigation and desire to avoid spending additional time incurring additional expense in litigation; and

WHEREAS, all Parties desire to enter into a compromise agreement that will terminate all disputes between them, all claims for relief, or causes of action with respect to all matters arising out of Plaintiff's claims or relating in any way to Plaintiff's relationship to Defendant or performances or services Plaintiff provided at the Club's premises.

WHEREAS, the Parties have undertaken a good faith effort to apportion funds according to the relative strengths and weaknesses of Plaintiff's claims.

NOW, THEREFORE, Plaintiff and Defendant hereby enter into this Settlement Agreement and Release (the "Agreement") and voluntarily agree to the following terms and conditions in consideration of the promises contained herein and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged:

1.    **Release.**    In consideration of the terms and covenants set forth in this Agreement, including but not limited to the payments described herein, Plaintiff does fully release and

discharge Defendant and its predecessors, successors, and assigns, and each of their current or former employee benefit plans, insurers, directors, officers, affiliates, members, managers, agents, attorneys, or employees, (hereinafter collectively the "Released Parties"), from all demands, grievances, suits, causes of action, and claims of any nature whatsoever, whether known, unknown, or unforeseen, arising prior to and up to and including the Effective Date of this Agreement, that relate to any and all claims under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* and/or any and all claims arising under any state or local wage and hour statute, law, rule, regulation, or decision, as well as any and all claims for attorneys' fees and costs. Plaintiff does not waive rights or claims that may arise after the date this release is executed or any other claims or rights which, by law, cannot be waived.

2.    **Claims For Attorneys' Fees.**  The Release set forth in Paragraph 1 specifically includes, but is not limited to, all claims for attorneys' fees and costs asserted against the Released Parties.

3.    **Payments.**

a.    Defendant shall make payment, as specified below, in the Total Sum of Five Thousand Dollars ($5,000.00) to Plaintiff in full satisfaction of Plaintiff's claim for alleged unpaid wages, overtime compensation, and all other damages sought in her Original Complaint, and liquidated damages (the "Settlement Payment").  Defendant shall cause the payment to be made to Plaintiff within ten (10) days of the Effective Date (as defined in Section 18 of this Agreement).

Plaintiff requests and Defendant shall send the Settlement Payment to:

Hodges & Foty, LLP
Attn: Gary Wohn
4409 Montrose Blvd Ste 200
Houston, Texas 77006

A check shall be made payable to "Daimarie Pabon Molina and Hodges & Foty, LLP."

b.    Each Party shall bear its own court and arbitration costs, or other costs incurred in connection with the Action, except as otherwise expressly provided herein.

c.    The Club will issue IRS Forms W-2 and 1099 for the Settlement Payment as the Club deems required by law. Plaintiff's counsel has represented to the Club that the Federal Employer Identification Number of Hodges & Foty, LLP is 20-2035088, and that Hodges & Foty, LLP shall provide a signed W-9 Form to the Club prior to payment of the Settlement Payment, to enable the Club to issue the required Forms 1099. The Club makes no representations or warranties as to the appropriate tax treatment of the Settlement Payment. Plaintiff understands and agrees she will be liable for the payment of such taxes as are due, if any, under prevailing law as a result of the Club's disbursement of the Settlement Payment as provided in this Agreement. Plaintiff agrees to hold the Club harmless and indemnify the Released Parties for any liabilities, costs and

expenses, including attorneys' fees, assessed or caused by any taxing authority which result from Plaintiff's failure to remit taxes due on payments made pursuant to this Agreement.

4.  **Allocation of Settlement Funds.**

      a.    The Settlement Payment shall be allocated to Plaintiff and her counsel as follows:

| | |
|---|---|
| Plaintiff: | $ 1,888.25 |
| Hodges & Foty, LLP for costs incurred: | $ 1,111.75 |
| Hodges & Foty, LLP for fees: | $ 2,000.00 |
| Total: | $5,000.00 |

      b.    Plaintiff represents and certifies that this Agreement and the monies she receives pursuant to this Agreement is a reasonable resolution of bona fide disputes regarding the interpretation and application of applicable laws, rules, and/or regulations.  Such disputes include, but are not limited to, whether Plaintiff meets the definition of an "employee," whether and in what amount the monies Plaintiff retained are service fees which satisfy wage obligations, and the number of hours Plaintiff "worked."

      c.    The Parties shall jointly move the Court for the approval of this Agreement, and the Parties shall work together, shall use their best efforts, and shall do all things reasonably necessary to obtain the Court's approval of this Agreement.

5.  **No Publicity.**

The Parties agree that they and their agents and representatives, including their attorneys, shall not publish or in any way assist in the publishing of the existence of this Agreement nor any detail contained in this Agreement, including the amount stated in Section 3(a) and otherwise in this agreement.  The existence of and details contained in this Agreement, including the amount stated in Section 3(a) and otherwise in this Agreement, shall not be used in any marketing, advertisement, or solicitation, by Plaintiff, her agents, attorneys, or her representatives.

6.  **No Disparagement.**

The Parties agree that they will not take any deliberate action or cause others to take any deliberate action, by word or deed, to defame, disparage, or directly harm the interests of the other, or to interfere with the relations the other has with their customers, vendors, employees, employers, prospective employers, or the public.

7. **No Retaliation.**

Defendant agrees that it will not retaliate against Plaintiff or otherwise subject her to reprisal or adverse action arising out of her assertion of claims raised and resolved by this Agreement.

8. **Confidentiality.**

Plaintiff agrees at all times to keep the terms of this Agreement confidential, and not to disclose, characterize, comment on, convey or in any sense reveal the content or nature of this Agreement, except as required by applicable law. Plaintiff may, however, reveal the content of this Agreement to her immediate family and to her legal, tax, and financial advisors, provided that she advises such persons to be similarly bound by this covenant of confidentiality.

9. **Injunctive Relief.**

Plaintiff acknowledges that the injury that would be suffered by the Club as a result of a breach of Sections 5 through 8 of this Agreement would be irreparable, that an award of monetary damages to the Club for such a breach would, by itself, be an inadequate remedy, and that such damages would be difficult (if not impossible) to measure. Consequently, the Club will have the right, in addition to any other rights it may have, to obtain, in any court of competent jurisdiction, injunctive relief to restrain any breach or threatened breach hereof or otherwise to specifically enforce any of the provisions of this Agreement.

10. **Non-Admission.**

Plaintiff acknowledges and agrees that neither the execution of this Agreement nor any of the terms contained in this Agreement, including, but not limited to, the payments and other consideration set forth herein, shall be construed or interpreted as an admission by Defendant of liability or wrongdoing. Defendant expressly denies any liability and states that they have entered into this Agreement solely for the purpose of compromising, according, and satisfying any and all claims, without the cost and burden of further negotiations, mediation, or possible litigation.

11. **Entire Agreement.**

This Agreement represents the entire agreement of the Parties as to all matters relating to the subject matter hereof, and supersedes all prior or contemporaneous negotiations, offers, promises, representations and agreements in regard thereto. This Agreement completely sets forth the settlement. No other promises have been made. No Party is relying on any other statement made by any Party being released or by anyone acting on its behalf.

12. **Counterparts, Copies and Facsimiles.**

This Agreement may be signed in counterparts which, when taken together, shall constitute one agreement. Copies, facsimiles, and scanned signatures shall have the same force and effect as

DocuSign Envelope ID: 7E1E12FA-163B-45D4-B56E-261CCFFBA381

original signatures.  No payment required hereunder shall become due and payable until the Agreement is fully executed.

13. **Governing Law.**

This Agreement shall be governed by the laws of the State of Rhode Island, without regard to conflict of laws principles. The Parties agree and consent to the exclusive personal jurisdiction of any federal or state court within Rhode Island having subject matter jurisdiction for purposes of any action, suit or proceeding arising out of or related to this Agreement.

14. **Headings.**

The Headings in this Agreement are for convenience of reference only and shall be given no effect in the construction or interpretation of the Agreement.

15. **Validity.**

If any provision of this Agreement is held to be invalid, illegal, void or unenforceable, in whole or in part, the remaining provisions of this Agreement shall not be affected thereby and shall continue in full force and effect.

16. **No Presumption.**

All Parties acknowledge that they are represented by competent counsel; they have had a full opportunity to review drafts of this Agreement and to make changes thereto; and in the event that an ambiguity or question of intent or interpretation arises as to this Agreement, no presumption or burden of proof shall apply favoring or disfavoring any Party by virtue of authorship of any of the provisions of this Agreement.

17. **Modification.**

The terms of this Agreement cannot be modified once approved by the Court.

18. **Effective Date.**

This Agreement shall not become effective until it has been signed by both Parties and approved by the Court.

15. **Acknowledgment.**

The Parties to this Agreement agree and acknowledge that:  (a) any waiver of rights under this Agreement is **KNOWING AND VOLUNTARY**; (b) each Party has been advised to consult with, and has consulted with, an attorney before executing this Agreement; (c) each Party has had time to read and consider the terms of this Agreement, including the release of claims set forth above, before executing it; (d) each Party has carefully read this Agreement; (e) each Party executing this Agreement has the capacity to understand this Agreement; and (f) each Party knows

and understands the terms of this Agreement.  Each Party further represents that she, he, or it has executed this Agreement **KNOWINGLY AND VOLUNTARILY** and on advice of counsel and that this Agreement was freely negotiated and executed without fraud, duress, or coercion, and with full knowledge of its significance, effects, and consequences.

**WHEREFORE**, the Parties hereto, intending to be legally bound and by their respective signatures below, acknowledge that there exist no other promises, representations or agreements relating to this Agreement except as specifically set forth herein, and that they knowingly and voluntarily enter into this Agreement with a full understanding of its contents.

**[SIGNATURE PAGES TO FOLLOW]**

DocuSign Envelope ID: 7F1E12FA-163B-45D4-B56E-261CCFFBA381

**SIGNATURE PAGE TO SETTLEMENT AGREEMENT AND RELEASE**

(Plaintiff)

Dated: _5/7/2021_____

DocuSigned by:

_Daimarie PM_

B8B4AA7F1FA14EB...

_____
Daimarie Pabon Molina, Individually

DocuSign Envelope ID: 7F1E12FA-163B-45D4-B56E-261CCFFBA381

**SIGNATURE PAGE TO SETTLEMENT AGREEMENT AND RELEASE**

(Defendant)

Dated: May 27, 2021

The Cadillac Lounge, LLC
By:
Its:
Defendant

Page **8** of **8**

# EXHIBIT B

| Activity | Status | | Date | Start | End | Time | Rate | Amount | | Expenses |
|---|---|---|---|---|---|---|---|---|---|---|
| Administrative | | Mason, Jerry | Pabon Molina, Daimarie | 11/18/2021 | 4:09 PM | 4:21 PM | 00:13 | $672.00 | $145.60 | Yes | Unchecked |
| Other | | Black, Kim | Pabon Molina, Daimarie | 11/17/2021 | 11:56 AM | 12:08 PM | 00:12 | $206.00 | $41.20 | Yes | Unchecked |
| Other | | Black, Kim | Pabon Molina, Daimarie | 10/26/2021 | 12:06 PM | 12:18 PM | 00:12 | $206.00 | $41.20 | Yes | Unchecked |
| Other | | Black, Kim | Pabon Molina, Daimarie | 10/11/2021 | 9:20 AM | 9:50 AM | 00:30 | $206.00 | $103.00 | Yes | Unchecked |
| Correspondence | | Goldsmith, Michael | Pabon Molina, Daimarie | 10/8/2021 | 2:55 PM | 3:37 PM | 00:42 | $378.00 | $264.60 | Yes | Unchecked |
| Correspondence | | Goldsmith, Michael | Pabon Molina, Daimarie | 10/8/2021 | 9:16 AM | 9:28 AM | 00:12 | $378.00 | $75.60 | Yes | Unchecked |
| Draft/Revise | | Goldsmith, Michael | Pabon Molina, Daimarie | 10/7/2021 | 11:17 AM | 5:21 PM | 06:04 | $378.00 | $2,293.20 | Yes | Unchecked |
| Correspondence | | Goldsmith, Michael | Pabon Molina, Daimarie | 10/7/2021 | 11:11 AM | 11:17 AM | 00:06 | $378.00 | $37.80 | Yes | Unchecked |
| Draft/Revise | | Goldsmith, Michael | Pabon Molina, Daimarie | 10/7/2021 | 10:53 AM | 11:11 AM | 00:18 | $378.00 | $113.40 | Yes | Unchecked |
| Draft/Revise | | Goldsmith, Michael | Pabon Molina, Daimarie | 10/7/2021 | 9:41 AM | 9:53 AM | 00:12 | $378.00 | $75.60 | Yes | Unchecked |
| Draft/Revise | | Goldsmith, Michael | Pabon Molina, Daimarie | 10/6/2021 | 3:30 PM | 5:30 PM | 02:00 | $378.00 | $756.00 | Yes | Unchecked |
| Draft/Revise | | Goldsmith, Michael | Pabon Molina, Daimarie | 10/5/2021 | 4:11 PM | 4:35 PM | 00:24 | $378.00 | $151.20 | Yes | Unchecked |
| Draft/Revise | | Goldsmith, Michael | Pabon Molina, Daimarie | 10/5/2021 | 1:45 PM | 2:57 PM | 01:12 | $378.00 | $453.60 | Yes | Unchecked |
| Draft/Revise | | Goldsmith, Michael | Pabon Molina, Daimarie | 10/5/2021 | 9:48 AM | 11:42 AM | 01:54 | $378.00 | $718.20 | Yes | Unchecked |
| Draft/Revise | | Goldsmith, Michael | Pabon Molina, Daimarie | 10/4/2021 | 1:26 PM | 3:02 PM | 01:36 | $378.00 | $604.80 | Yes | Unchecked |
| Research | | Goldsmith, Michael | Pabon Molina, Daimarie | 10/4/2021 | 9:29 AM | 12:53 PM | 03:24 | $378.00 | $1,285.20 | Yes | Unchecked |
| Draft/Revise | | Goldsmith, Michael | Pabon Molina, Daimarie | 9/28/2021 | 3:01 PM | 3:07 PM | 00:06 | $378.00 | $37.80 | Yes | Unchecked |
| Correspondence | | Goldsmith, Michael | Pabon Molina, Daimarie | 9/28/2021 | 2:43 PM | 3:01 PM | 00:18 | $378.00 | $113.40 | Yes | Unchecked |
| Research | | Goldsmith, Michael | Pabon Molina, Daimarie | 9/28/2021 | 2:01 PM | 2:43 PM | 00:42 | $378.00 | $264.60 | Yes | Unchecked |
| Draft/Revise | | Goldsmith, Michael | Pabon Molina, Daimarie | 9/28/2021 | 11:43 AM | 12:37 PM | 00:54 | $378.00 | $340.20 | Yes | Unchecked |
| Correspondence | | Goldsmith, Michael | Pabon Molina, Daimarie | 9/27/2021 | 6:33 PM | 6:39 PM | 00:06 | $378.00 | $37.80 | Yes | Unchecked |
| Review | | Goldsmith, Michael | Pabon Molina, Daimarie | 9/20/2021 | 10:17 AM | 10:47 AM | 00:30 | $378.00 | $189.00 | Yes | Unchecked |
| Other | Performed | Black, Kim | Pabon Molina, Daimarie | 9/8/2021 | 12:00 AM | 12:18 AM | 00:18 | $206.00 | $61.80 | Yes | Checked |
| Other | | Black, Kim | Pabon Molina, Daimarie | 8/24/2021 | 10:39 AM | 11:03 AM | 00:24 | $203.00 | $81.20 | Yes | Unchecked |
| Other | | Black, Kim | Pabon Molina, Daimarie | 8/19/2021 | 1:15 PM | 1:27 PM | 00:12 | $203.00 | $40.60 | Yes | Unchecked |
| Correspondence | | Wallace, Rivers | Pabon Molina, Daimarie | 8/17/2021 | 10:13 AM | 10:25 AM | 00:12 | $458.00 | $91.60 | Yes | Unchecked |
| Court Filing | | Wallace, Rivers | Pabon Molina, Daimarie | 8/17/2021 | 10:02 AM | 10:23 AM | 00:20 | $458.00 | $152.67 | Yes | Unchecked |
| Review | | Wallace, Rivers | Pabon Molina, Daimarie | 8/11/2021 | 3:30 PM | 3:49 PM | 00:18 | $458.00 | $137.40 | Yes | Unchecked |
| Other | Performed | Black, Kim | Pabon Molina, Daimarie | 7/23/2021 | 12:00 AM | 12:18 AM | 00:18 | $203.00 | $60.90 | Yes | Checked |
| Correspondence | | Wallace, Rivers | Pabon Molina, Daimarie | 7/13/2021 | 2:35 PM | 3:01 PM | 00:25 | $458.00 | $190.83 | Yes | Unchecked |
| Correspondence | | Wallace, Rivers | Pabon Molina, Daimarie | 5/7/2021 | 1:14 PM | 2:05 PM | 00:50 | $458.00 | $381.67 | Yes | Unchecked |
| Other | | Black, Kim | Pabon Molina, Daimarie | 5/4/2021 | 1:35 PM | 1:59 PM | 00:24 | $225.00 | $90.00 | Yes | Unchecked |

| Activity | Status | | Date | | | Time | Rate | | Billable | Expenses |
|---|---|---|---|---|---|---|---|---|---|---|
| Correspondence | | Wallace, Rivers | Pabon Molina, Daimarie | 5/4/2021 | 1:00 PM | 1:38 PM | 00:38 | $458.00 | $290.07 | Yes | Unchecked |
| Settlement | | Wallace, Rivers | Pabon Molina, Daimarie | 5/4/2021 | 10:02 AM | 10:28 AM | 00:26 | $458.00 | $198.47 | Yes | Unchecked |
| Other | | Black, Kim | Pabon Molina, Daimarie | 4/30/2021 | 1:43 PM | 1:55 PM | 00:12 | $225.00 | $45.00 | Yes | Unchecked |
| Other | | Black, Kim | Pabon Molina, Daimarie | 4/15/2021 | 7:22 AM | 7:52 AM | 00:30 | $225.00 | $112.50 | Yes | Unchecked |
| Correspondence | | Wallace, Rivers | Pabon Molina, Daimarie | 3/1/2021 | 5:44 PM | 5:48 PM | 00:04 | $458.00 | $30.53 | Yes | Unchecked |
| Correspondence | | Wallace, Rivers | Pabon Molina, Daimarie | 2/25/2021 | 4:53 PM | 5:05 PM | 00:12 | $458.00 | $91.60 | Yes | Unchecked |
| Review | | Wallace, Rivers | Pabon Molina, Daimarie | 1/19/2021 | 11:16 AM | 11:28 AM | 00:12 | $458.00 | $91.60 | Yes | Unchecked |
| Phone Call | | Gutierrez, Tina | Pabon Molina, Daimarie | 12/29/2020 | 1:13 PM | 1:19 PM | 00:06 | $372.00 | $37.20 | Yes | Unchecked |
| Draft/Revise | | Gutierrez, Tina | Pabon Molina, Daimarie | 12/7/2020 | 5:25 PM | 5:55 PM | 00:30 | $372.00 | $186.00 | Yes | Unchecked |
| Draft/Revise | | Gutierrez, Tina | Pabon Molina, Daimarie | 12/7/2020 | 5:12 PM | 5:26 PM | 00:14 | $372.00 | $86.80 | Yes | Unchecked |
| Draft/Revise | | Gutierrez, Tina | Pabon Molina, Daimarie | 12/2/2020 | 9:28 AM | 9:35 AM | 00:07 | $372.00 | $43.40 | Yes | Unchecked |
| Administrative | | Wohn, Gary | Pabon Molina, Daimarie | 11/23/2020 | 1:13 PM | 1:26 PM | 00:13 | $225.00 | $45.00 | Yes | Unchecked |
| Draft/Revise | | Gutierrez, Tina | Pabon Molina, Daimarie | 11/23/2020 | 12:35 PM | 12:50 PM | 00:15 | $372.00 | $86.80 | Yes | Unchecked |
| Draft/Revise | | Gutierrez, Tina | Pabon Molina, Daimarie | 11/23/2020 | 10:53 AM | 12:19 PM | 01:26 | $372.00 | $527.00 | Yes | Unchecked |
| Correspondence | | Gutierrez, Tina | Pabon Molina, Daimarie | 11/13/2020 | 4:30 PM | 4:43 PM | 00:13 | $372.00 | $80.60 | Yes | Unchecked |
| Phone Call | | Gutierrez, Tina | Pabon Molina, Daimarie | 11/6/2020 | 9:25 AM | 9:39 AM | 00:14 | $372.00 | $86.80 | Yes | Unchecked |
| Phone Call | | Gutierrez, Tina | Pabon Molina, Daimarie | 11/5/2020 | 4:13 PM | 4:27 PM | 00:14 | $372.00 | $86.80 | Yes | Unchecked |
| Draft/Revise | | Gutierrez, Tina | Pabon Molina, Daimarie | 11/3/2020 | 3:53 PM | 6:01 PM | 02:08 | $372.00 | $787.40 | Yes | Unchecked |
| Phone Call | | Gutierrez, Tina | Pabon Molina, Daimarie | 11/3/2020 | 8:45 AM | 9:00 AM | 00:15 | $372.00 | $93.00 | Yes | Unchecked |
| Correspondence | | Gutierrez, Tina | Pabon Molina, Daimarie | 11/2/2020 | 5:00 PM | 5:15 PM | 00:15 | $372.00 | $86.80 | Yes | Unchecked |
| Correspondence | | Gutierrez, Tina | Pabon Molina, Daimarie | 11/2/2020 | 2:05 PM | 2:19 PM | 00:14 | $372.00 | $86.80 | Yes | Unchecked |
| Settlement Conference | | Gutierrez, Tina | Pabon Molina, Daimarie | 11/2/2020 | 10:34 AM | 10:49 AM | 00:15 | $372.00 | $86.80 | Yes | Unchecked |
| Correspondence | | Gutierrez, Tina | Pabon Molina, Daimarie | 11/2/2020 | 9:00 AM | 9:04 AM | 00:04 | $372.00 | $18.60 | Yes | Unchecked |
| Draft/Revise | | Chestnut, Arielle | Pabon Molina, Daimarie | 10/30/2020 | 4:31 PM | 4:37 PM | 00:06 | $203.00 | $20.30 | Yes | Unchecked |
| Draft/Revise | | Chestnut, Arielle | Pabon Molina, Daimarie | 10/30/2020 | 12:30 PM | 1:18 PM | 00:48 | $203.00 | $162.40 | Yes | Unchecked |
| Appointment | | Chestnut, Arielle | Pabon Molina, Daimarie | 10/30/2020 | 10:58 AM | 11:04 AM | 00:06 | $203.00 | $20.30 | Yes | Unchecked |
| Correspondence | | Gutierrez, Tina | Pabon Molina, Daimarie | 10/30/2020 | 8:00 AM | 8:04 AM | 00:04 | $372.00 | $18.60 | Yes | Unchecked |
| Administrative | | Wohn, Gary | Pabon Molina, Daimarie | 10/29/2020 | 4:20 PM | 4:35 PM | 00:15 | $225.00 | $56.25 | Yes | Unchecked |
| Review | | Chestnut, Arielle | Pabon Molina, Daimarie | 10/29/2020 | 11:36 AM | 11:42 AM | 00:06 | $203.00 | $20.30 | Yes | Unchecked |
| Correspondence | | Gutierrez, Tina | Pabon Molina, Daimarie | 10/29/2020 | 8:39 AM | 8:43 AM | 00:04 | $372.00 | $24.80 | Yes | Unchecked |
| Draft/Revise | | Gutierrez, Tina | Pabon Molina, Daimarie | 10/27/2020 | 4:51 PM | 5:13 PM | 00:22 | $372.00 | $130.20 | Yes | Unchecked |
| Draft/Revise | | Chestnut, Arielle | Pabon Molina, Daimarie | 10/27/2020 | 1:12 PM | 1:36 PM | 00:24 | $203.00 | $81.20 | Yes | Unchecked |
| Draft/Revise | | Gutierrez, Tina | Pabon Molina, Daimarie | 10/27/2020 | 12:06 PM | 1:24 PM | 01:18 | $372.00 | $483.60 | Yes | Unchecked |
| Draft/Revise | | Gutierrez, Tina | Pabon Molina, Daimarie | 10/21/2020 | 3:49 PM | 4:29 PM | 00:40 | $372.00 | $248.00 | Yes | Unchecked |
| Correspondence | | Chestnut, Arielle | Pabon Molina, Daimarie | 10/20/2020 | 4:15 PM | 4:21 PM | 00:06 | $203.00 | $20.30 | Yes | Unchecked |
| Draft/Revise | | Gutierrez, Tina | Pabon Molina, Daimarie | 10/20/2020 | 3:26 PM | 3:55 PM | 00:29 | $372.00 | $179.80 | Yes | Unchecked |
| Draft/Revise | | Chestnut, Arielle | Pabon Molina, Daimarie | 10/20/2020 | 2:27 PM | 2:45 PM | 00:18 | $203.00 | $60.90 | Yes | Unchecked |
| Draft/Revise | | Gutierrez, Tina | Pabon Molina, Daimarie | 10/20/2020 | 2:03 PM | 3:06 PM | 01:03 | $372.00 | $390.60 | Yes | Unchecked |
| Draft/Revise | | Gutierrez, Tina | Pabon Molina, Daimarie | 10/20/2020 | 1:21 PM | 1:58 PM | 00:37 | $372.00 | $223.20 | Yes | Unchecked |
| Draft/Revise | | Gutierrez, Tina | Pabon Molina, Daimarie | 10/20/2020 | 12:38 PM | 1:00 PM | 00:22 | $372.00 | $130.20 | Yes | Unchecked |

| Activity | Status | | | Log Date | | Time | | Bill Rate | | Billable | Expenses |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Review | | Chestnut, Arielle | Pabon Molina, Daimarie | 10/20/2020 | 11:27 AM | 11:34 AM | 00:06 | $203.00 | $20.30 | Yes | Unchecked |
| Doc Review | | Chestnut, Arielle | Pabon Molina, Daimarie | 10/15/2020 | 12:26 PM | 12:32 PM | 00:06 | $203.00 | $20.30 | Yes | Unchecked |
| Draft/Revise | | Chestnut, Arielle | Pabon Molina, Daimarie | 10/12/2020 | 12:09 PM | 12:21 PM | 00:12 | $203.00 | $40.60 | Yes | Unchecked |
| Draft/Revise | | Chestnut, Arielle | Pabon Molina, Daimarie | 10/9/2020 | 1:44 PM | 2:02 PM | 00:18 | $203.00 | $60.90 | Yes | Unchecked |
| Draft/Revise | | Chestnut, Arielle | Pabon Molina, Daimarie | 10/9/2020 | 11:51 AM | 12:51 PM | 01:00 | $203.00 | $203.00 | Yes | Unchecked |
| Draft/Revise | | Chestnut, Arielle | Pabon Molina, Daimarie | 10/8/2020 | 4:28 PM | 4:52 PM | 00:24 | $203.00 | $81.20 | Yes | Unchecked |
| Correspondence | | Chestnut, Arielle | Pabon Molina, Daimarie | 10/8/2020 | 3:36 PM | 4:24 PM | 00:48 | $203.00 | $162.40 | Yes | Unchecked |
| Draft/Revise | | Clerk 3, Law | Pabon Molina, Daimarie | 10/8/2020 | 8:57 AM | 1:50 PM | 04:53 | $203.00 | $987.93 | Yes | Unchecked |
| Draft/Revise | | Clerk 3, Law | Pabon Molina, Daimarie | 10/6/2020 | 2:32 PM | 3:32 PM | 01:00 | $203.00 | $203.00 | Yes | Unchecked |
| Review | | Gutierrez, Tina | Pabon Molina, Daimarie | 10/6/2020 | 10:06 AM | 10:15 AM | 00:09 | $372.00 | $49.60 | Yes | Unchecked |
| Administrative | | Wohn, Gary | Pabon Molina, Daimarie | 10/5/2020 | 11:04 AM | 11:29 AM | 00:25 | $225.00 | $93.75 | Yes | Unchecked |
| Doc Review | | Chestnut, Arielle | Pabon Molina, Daimarie | 10/2/2020 | 4:54 PM | 5:06 PM | 00:12 | $203.00 | $40.60 | Yes | Unchecked |
| Draft/Revise | | Gutierrez, Tina | Pabon Molina, Daimarie | 10/2/2020 | 9:06 AM | 9:20 AM | 00:14 | $372.00 | $80.60 | Yes | Unchecked |
| Draft/Revise | | Gutierrez, Tina | Pabon Molina, Daimarie | 9/28/2020 | 5:49 PM | 6:06 PM | 00:17 | $372.00 | $105.40 | Yes | Unchecked |
| Review | | Chestnut, Arielle | Pabon Molina, Daimarie | 9/24/2020 | 3:00 PM | 4:00 PM | 01:00 | $203.00 | $203.00 | Yes | Unchecked |
| Draft/Revise | | Gutierrez, Tina | Pabon Molina, Daimarie | 9/24/2020 | 3:00 PM | 3:10 PM | 00:10 | $372.00 | $62.00 | Yes | Unchecked |
| Draft/Revise | | Hodges, David | Pabon Molina, Daimarie | 9/23/2020 | 4:32 PM | 5:32 PM | 01:00 | $899.00 | $899.00 | Yes | Unchecked |
| Draft/Revise | | Gutierrez, Tina | Pabon Molina, Daimarie | 9/23/2020 | 4:29 PM | 5:20 PM | 00:51 | $372.00 | $316.20 | Yes | Unchecked |
| Draft/Revise | | Gutierrez, Tina | Pabon Molina, Daimarie | 9/23/2020 | 4:20 PM | 4:28 PM | 00:08 | $372.00 | $49.60 | Yes | Unchecked |
| Draft/Revise | | Gutierrez, Tina | Pabon Molina, Daimarie | 9/23/2020 | 12:21 PM | 12:41 PM | 00:20 | $372.00 | $124.00 | Yes | Unchecked |
| Research | | Clerk 3, Law | Pabon Molina, Daimarie | 9/23/2020 | 12:11 PM | 1:20 PM | 01:09 | $203.00 | $230.07 | Yes | Unchecked |
| Draft/Revise | | Clerk 3, Law | Pabon Molina, Daimarie | 9/23/2020 | 10:51 AM | 12:03 PM | 01:12 | $203.00 | $240.22 | Yes | Unchecked |
| Draft/Revise | | Gutierrez, Tina | Pabon Molina, Daimarie | 9/23/2020 | 8:36 AM | 11:53 AM | 03:17 | $372.00 | $1,215.20 | Yes | Unchecked |
| Draft/Revise | | Gutierrez, Tina | Pabon Molina, Daimarie | 9/22/2020 | 3:00 PM | 7:52 PM | 04:52 | $372.00 | $1,810.40 | Yes | Unchecked |
| Draft/Revise | | Gutierrez, Tina | Pabon Molina, Daimarie | 9/22/2020 | 9:34 AM | 2:18 PM | 04:44 | $372.00 | $1,754.60 | Yes | Unchecked |
| Appointment | | Chestnut, Arielle | Pabon Molina, Daimarie | 9/21/2020 | 10:43 AM | 10:49 AM | 00:06 | $203.00 | $20.30 | Yes | Unchecked |
| Correspondence | | Gutierrez, Tina | Pabon Molina, Daimarie | 9/21/2020 | 9:59 AM | 10:32 AM | 00:33 | $372.00 | $198.40 | Yes | Unchecked |
| Draft/Revise | | Clerk 3, Law | Pabon Molina, Daimarie | 9/21/2020 | 8:55 AM | 2:31 PM | 05:36 | $203.00 | $1,136.80 | Yes | Unchecked |
| Appointment | | Chestnut, Arielle | Pabon Molina, Daimarie | 9/18/2020 | 5:13 PM | 5:19 PM | 00:06 | $203.00 | $20.30 | Yes | Unchecked |
| Correspondence | | Gutierrez, Tina | Pabon Molina, Daimarie | 9/18/2020 | 11:23 AM | 12:15 PM | 00:52 | $372.00 | $322.40 | Yes | Unchecked |
| Draft/Revise | | Clerk 3, Law | Pabon Molina, Daimarie | 9/18/2020 | 11:05 AM | 2:34 PM | 03:29 | $203.00 | $707.12 | Yes | Unchecked |
| Review | | Gutierrez, Tina | Pabon Molina, Daimarie | 9/18/2020 | 10:30 AM | 11:02 AM | 00:32 | $372.00 | $198.40 | Yes | Unchecked |
| Draft/Revise | | Clerk 2, Law | Pabon Molina, Daimarie | 9/18/2020 | 9:46 AM | 12:07 PM | 02:21 | $203.00 | $473.67 | Yes | Unchecked |
| Draft/Revise | | Clerk 2, Law | Pabon Molina, Daimarie | 9/17/2020 | 9:53 AM | 12:31 PM | 02:38 | $203.00 | $534.57 | Yes | Unchecked |
| Draft/Revise | | Clerk 2, Law | Pabon Molina, Daimarie | 9/15/2020 | 11:09 AM | 12:29 PM | 01:20 | $203.00 | $270.67 | Yes | Unchecked |
| Draft/Revise | | Clerk 2, Law | Pabon Molina, Daimarie | 9/11/2020 | 3:19 PM | 4:55 PM | 01:36 | $203.00 | $324.80 | Yes | Unchecked |
| Other | | Grivetti, Chandler | Pabon Molina, Daimarie | 9/9/2020 | 4:21 PM | 4:33 PM | 00:12 | $203.00 | $40.60 | Yes | Unchecked |
| Conference Call | | Gutierrez, Tina | Pabon Molina, Daimarie | 9/8/2020 | 12:57 PM | 1:58 PM | 01:01 | $372.00 | $378.20 | Yes | Unchecked |
| Research | | Gutierrez, Tina | Pabon Molina, Daimarie | 9/8/2020 | 10:18 AM | 12:27 PM | 02:09 | $372.00 | $799.80 | Yes | Unchecked |
| Research | | Clerk 3, Law | Pabon Molina, Daimarie | 9/4/2020 | 2:28 PM | 3:13 PM | 00:45 | $203.00 | $152.25 | Yes | Unchecked |
| Administrative | | Wohn, Gary | Pabon Molina, Daimarie | 9/4/2020 | 2:01 PM | 3:25 PM | 01:24 | $225.00 | $315.00 | Yes | Unchecked |
| Draft/Revise | | Gutierrez, Tina | Pabon Molina, Daimarie | 9/4/2020 | 12:29 PM | 2:12 PM | 01:43 | $372.00 | $638.60 | Yes | Unchecked |
| Draft/Revise | | Gutierrez, Tina | Pabon Molina, Daimarie | 9/3/2020 | 5:12 PM | 5:20 PM | 00:08 | $372.00 | $49.60 | Yes | Unchecked |
| Draft/Revise | | Gutierrez, Tina | Pabon Molina, Daimarie | 9/3/2020 | 2:06 PM | 2:43 PM | 00:37 | $372.00 | $223.20 | Yes | Unchecked |
| Draft/Revise | | Gutierrez, Tina | Pabon Molina, Daimarie | 9/3/2020 | 1:43 PM | 2:06 PM | 00:23 | $372.00 | $136.40 | Yes | Unchecked |

| Activity | Status | | Date | | Start | End | Time | | Rate | | Price | | Expenses |
|----------|--------|--|------|--|-------|-----|------|--|------|--|-------|--|----------|
| Draft/Revise | | Gutierrez, Tina | Pabon Molina, Daimarie | 9/3/2020 | 11:15 AM | 12:00 PM | 00:45 | | $372.00 | | $272.80 | Yes | Unchecked |
| Draft/Revise | | Gutierrez, Tina | Pabon Molina, Daimarie | 9/3/2020 | 9:40 AM | 11:02 AM | 01:22 | | $372.00 | | $508.40 | Yes | Unchecked |
| Research | | Clerk 2, Law | Pabon Molina, Daimarie | 8/28/2020 | 9:15 AM | 10:09 AM | 00:54 | | $203.00 | | $179.32 | Yes | Unchecked |
| Review | | Gutierrez, Tina | Pabon Molina, Daimarie | 8/24/2020 | 11:50 AM | 11:59 AM | 00:09 | | $372.00 | | $55.80 | Yes | Unchecked |
| Draft/Revise | | Gutierrez, Tina | Pabon Molina, Daimarie | 8/20/2020 | 5:51 PM | 6:15 PM | 00:24 | | $372.00 | | $142.60 | Yes | Unchecked |
| Draft/Revise | | Gutierrez, Tina | Pabon Molina, Daimarie | 8/20/2020 | 3:45 PM | 3:55 PM | 00:10 | | $372.00 | | $55.80 | Yes | Unchecked |
| Research | | Clerk 2, Law | Pabon Molina, Daimarie | 8/20/2020 | 2:25 PM | 2:54 PM | 00:29 | | $203.00 | | $94.73 | Yes | Unchecked |
| Draft/Revise | | Gutierrez, Tina | Pabon Molina, Daimarie | 8/20/2020 | 1:48 PM | 2:32 PM | 00:44 | | $372.00 | | $266.60 | Yes | Unchecked |
| Draft/Revise | | Gutierrez, Tina | Pabon Molina, Daimarie | 7/29/2020 | 8:31 AM | 8:47 AM | 00:16 | | $372.00 | | $93.00 | Yes | Unchecked |
| Draft/Revise | | Gutierrez, Tina | Pabon Molina, Daimarie | 7/28/2020 | 4:42 PM | 5:02 PM | 00:20 | | $372.00 | | $124.00 | Yes | Unchecked |
| Draft/Revise | | Gutierrez, Tina | Pabon Molina, Daimarie | 7/28/2020 | 2:15 PM | 3:04 PM | 00:49 | | $372.00 | | $297.60 | Yes | Unchecked |
| Draft/Revise | | Clerk 2, Law | Pabon Molina, Daimarie | 7/28/2020 | 1:19 PM | 1:58 PM | 00:39 | | $203.00 | | $131.95 | Yes | Unchecked |
| Draft/Revise | | Clerk 2, Law | Pabon Molina, Daimarie | 7/28/2020 | 9:10 AM | 12:30 PM | 03:20 | | $203.00 | | $676.67 | Yes | Unchecked |
| Research | | Clerk 2, Law | Pabon Molina, Daimarie | 7/27/2020 | 10:23 AM | 12:38 PM | 02:15 | | $203.00 | | $456.75 | Yes | Unchecked |
| Review | | Gutierrez, Tina | Pabon Molina, Daimarie | 7/14/2020 | 10:31 AM | 10:41 AM | 00:10 | | $372.00 | | $62.00 | Yes | Unchecked |
| Other | | Black, Kim | Pabon Molina, Daimarie | 7/10/2020 | 7:54 AM | 8:54 AM | 01:00 | | $225.00 | | $225.00 | Yes | Unchecked |
| Other | | Black, Kim | Pabon Molina, Daimarie | 7/7/2020 | 10:58 AM | 11:16 AM | 00:18 | | $225.00 | | $67.50 | Yes | Unchecked |
| Arbitration | | Gutierrez, Tina | Pabon Molina, Daimarie | 6/29/2020 | 1:42 PM | 2:08 PM | 00:26 | | $372.00 | | $161.20 | Yes | Unchecked |
| Research | | Gutierrez, Tina | Pabon Molina, Daimarie | 6/29/2020 | 11:45 AM | 12:14 PM | 00:29 | | $372.00 | | $173.60 | Yes | Unchecked |
| Research | | Gutierrez, Tina | Pabon Molina, Daimarie | 6/26/2020 | 3:25 PM | 3:46 PM | 00:21 | | $372.00 | | $130.20 | Yes | Unchecked |
| Research | | Gutierrez, Tina | Pabon Molina, Daimarie | 6/26/2020 | 1:23 PM | 2:17 PM | 00:54 | | $372.00 | | $334.80 | Yes | Unchecked |
| Research | | Clerk 2, Law | Pabon Molina, Daimarie | 6/26/2020 | 9:36 AM | 11:31 AM | 01:55 | | $203.00 | | $389.08 | Yes | Unchecked |
| Research | | Clerk 2, Law | Pabon Molina, Daimarie | 6/25/2020 | 1:13 PM | 5:12 PM | 03:59 | | $203.00 | | $805.23 | Yes | Unchecked |
| Research | | Gutierrez, Tina | Pabon Molina, Daimarie | 6/25/2020 | 9:12 AM | 10:17 AM | 01:05 | | $372.00 | | $403.00 | Yes | Unchecked |
| Other | | Black, Kim | Pabon Molina, Daimarie | 6/10/2020 | 10:05 AM | 10:17 AM | 00:12 | | $225.00 | | $45.00 | Yes | Unchecked |
| Review | | Gutierrez, Tina | Pabon Molina, Daimarie | 6/3/2020 | 2:25 PM | 2:39 PM | 00:14 | | $372.00 | | $86.80 | Yes | Unchecked |
| Administrative | | Wohn, Gary | Pabon Molina, Daimarie | 5/19/2020 | 2:58 PM | 3:09 PM | 00:11 | | $225.00 | | $37.50 | Yes | Unchecked |
| Other | | Black, Kim | Pabon Molina, Daimarie | 5/19/2020 | 2:18 PM | 2:42 PM | 00:24 | | $225.00 | | $90.00 | Yes | Unchecked |
| Other | | Black, Kim | Pabon Molina, Daimarie | 5/19/2020 | 1:27 PM | 1:39 PM | 00:12 | | $225.00 | | $45.00 | Yes | Unchecked |
| Administrative | | Wohn, Gary | Pabon Molina, Daimarie | 5/11/2020 | 3:27 PM | 3:32 PM | 00:05 | | $225.00 | | $18.75 | Yes | Unchecked |
| Other | | Black, Kim | Pabon Molina, Daimarie | 5/11/2020 | 1:48 PM | 2:48 PM | 01:00 | | $225.00 | | $225.00 | Yes | Unchecked |
| Correspondence | | Gutierrez, Tina | Pabon Molina, Daimarie | 5/11/2020 | 11:43 AM | 12:12 PM | 00:29 | | $372.00 | | $179.80 | Yes | Unchecked |
| Other | | Black, Kim | Pabon Molina, Daimarie | 5/7/2020 | 10:33 AM | 11:03 AM | 00:30 | | $225.00 | | $112.50 | Yes | Unchecked |
| Phone Call | | Gutierrez, Tina | Pabon Molina, Daimarie | 5/6/2020 | 3:36 PM | 4:09 PM | 00:33 | | $372.00 | | $204.60 | Yes | Unchecked |
| Draft/Revise | | Gutierrez, Tina | Pabon Molina, Daimarie | 5/6/2020 | 1:00 PM | 1:30 PM | 00:30 | | $372.00 | | $179.80 | Yes | Unchecked |
| Other | | Grivetti, Chandler | Pabon Molina, Daimarie | 5/6/2020 | 11:47 AM | 11:59 AM | 00:12 | | $203.00 | | $40.60 | Yes | Unchecked |
| Draft/Revise | | Gutierrez, Tina | Pabon Molina, Daimarie | 5/6/2020 | 9:54 AM | 11:50 AM | 01:56 | | $372.00 | | $713.00 | Yes | Unchecked |
| Correspondence | | Gutierrez, Tina | Pabon Molina, Daimarie | 4/20/2020 | 9:33 AM | 9:35 AM | 00:02 | | $372.00 | | $12.40 | Yes | Unchecked |
| Draft/Revise | | Gutierrez, Tina | Pabon Molina, Daimarie | 3/11/2020 | 3:49 PM | 5:34 PM | 01:45 | | $372.00 | | $651.00 | Yes | Unchecked |
| Phone Call | | Gutierrez, Tina | Pabon Molina, Daimarie | 3/11/2020 | 11:19 AM | 11:52 AM | 00:33 | | $372.00 | | $198.40 | Yes | Unchecked |
| Draft/Revise | | Clerk 3, Law | Pabon Molina, Daimarie | 3/9/2020 | 2:50 PM | 4:15 PM | 01:25 | | $203.00 | | $284.20 | Yes | Unchecked |
| Draft/Revise | | Gutierrez, Tina | Pabon Molina, Daimarie | 2/28/2020 | 2:03 PM | 2:18 PM | 00:15 | | $372.00 | | $93.00 | Yes | Unchecked |
| Review | | Gutierrez, Tina | Pabon Molina, Daimarie | 2/28/2020 | 1:20 PM | 1:45 PM | 00:25 | | $372.00 | | $148.80 | Yes | Unchecked |
| Other | | Black, Kim | Pabon Molina, Daimarie | 2/11/2020 | 2:12 PM | 2:30 PM | 00:18 | | $225.00 | | $67.50 | Yes | Unchecked |

| Activity | Status | | | Date | | | Time | Rate | Amount | | Expenses |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Other | | Rodriguez, Samantha | Pabon Molina, Daimarie | 2/11/2020 | 9:30 AM | 9:42 AM | 00:12 | $458.00 | $91.60 | Yes | Unchecked |
| Other | | Rodriguez, Samantha | Pabon Molina, Daimarie | 2/10/2020 | 4:01 PM | 4:19 PM | 00:18 | $458.00 | $137.40 | Yes | Unchecked |
| Other | | Rodriguez, Samantha | Pabon Molina, Daimarie | 2/10/2020 | 2:00 PM | 2:42 PM | 00:42 | $458.00 | $320.60 | Yes | Unchecked |
| Other | | Rodriguez, Samantha | Pabon Molina, Daimarie | 2/7/2020 | 1:17 PM | 1:53 PM | 00:36 | $458.00 | $274.80 | Yes | Unchecked |
| Other | | Rodriguez, Samantha | Pabon Molina, Daimarie | 2/7/2020 | 10:15 AM | 11:03 AM | 00:48 | $458.00 | $366.40 | Yes | Unchecked |
| Other | | Rodriguez, Samantha | Pabon Molina, Daimarie | 2/6/2020 | 5:02 PM | 5:08 PM | 00:06 | $458.00 | $45.80 | Yes | Unchecked |
| Other | | Rodriguez, Samantha | Pabon Molina, Daimarie | 1/10/2020 | 11:06 AM | 11:24 AM | 00:18 | $458.00 | $137.40 | Yes | Unchecked |
| Other | | Rodriguez, Samantha | Pabon Molina, Daimarie | 1/9/2020 | 2:15 PM | 3:03 PM | 00:48 | $458.00 | $366.40 | Yes | Unchecked |
| Other | | Rodriguez, Samantha | Pabon Molina, Daimarie | 1/7/2020 | 4:51 PM | 4:57 PM | 00:06 | $458.00 | $45.80 | Yes | Unchecked |
| Other | | Rodriguez, Samantha | Pabon Molina, Daimarie | 1/6/2020 | 2:45 PM | 3:21 PM | 00:36 | $458.00 | $274.80 | Yes | Unchecked |
| Other | | Black, Kim | Pabon Molina, Daimarie | 12/27/2019 | 8:30 AM | 8:42 AM | 00:12 | $225.00 | $45.00 | Yes | Unchecked |
| Other | | Black, Kim | Pabon Molina, Daimarie | 12/6/2019 | 2:54 PM | 3:18 PM | 00:24 | $225.00 | $90.00 | Yes | Unchecked |
| Other | | Rodriguez, Samantha | Pabon Molina, Daimarie | 12/6/2019 | 9:32 AM | 10:44 AM | 01:12 | $458.00 | $549.60 | Yes | Unchecked |
| Other | | Rodriguez, Samantha | Pabon Molina, Daimarie | 12/3/2019 | 3:46 PM | 5:16 PM | 01:30 | $458.00 | $687.00 | Yes | Unchecked |
| Other | | Rodriguez, Samantha | Pabon Molina, Daimarie | 12/2/2019 | 2:25 PM | 2:43 PM | 00:18 | $458.00 | $137.40 | Yes | Unchecked |
| Other | | Rodriguez, Samantha | Pabon Molina, Daimarie | 11/25/2019 | 9:28 AM | 9:52 AM | 00:24 | $458.00 | $183.20 | Yes | Unchecked |
| Other | | Black, Kim | Pabon Molina, Daimarie | 11/21/2019 | 2:24 PM | 2:54 PM | 00:30 | $225.00 | $112.50 | Yes | Unchecked |
| Other | | Rodriguez, Samantha | Pabon Molina, Daimarie | 11/21/2019 | 11:25 AM | 1:07 PM | 01:42 | $458.00 | $778.60 | Yes | Unchecked |
| Other | | Rodriguez, Samantha | Pabon Molina, Daimarie | 11/21/2019 | 10:29 AM | 11:11 AM | 00:42 | $458.00 | $320.60 | Yes | Unchecked |
| Other | | Black, Kim | Pabon Molina, Daimarie | 11/21/2019 | 9:23 AM | 9:54 AM | 00:31 | $225.00 | $112.50 | Yes | Unchecked |
| Other | | Rodriguez, Samantha | Pabon Molina, Daimarie | 11/18/2019 | 12:45 PM | 1:27 PM | 00:42 | $458.00 | $320.60 | Yes | Unchecked |
| Other | | Rodriguez, Samantha | Pabon Molina, Daimarie | 11/14/2019 | 5:23 PM | 5:35 PM | 00:12 | $458.00 | $91.60 | Yes | Unchecked |
| Other | | Black, Kim | Pabon Molina, Daimarie | 11/13/2019 | 10:15 AM | 10:27 AM | 00:12 | $225.00 | $45.00 | Yes | Unchecked |
| Other | | Black, Kim | Pabon Molina, Daimarie | 11/12/2019 | 10:08 AM | 10:14 AM | 00:06 | $225.00 | $22.50 | Yes | Unchecked |
| Other | | Rodriguez, Samantha | Pabon Molina, Daimarie | 11/5/2019 | 2:24 PM | 3:00 PM | 00:36 | $458.00 | $274.80 | Yes | Unchecked |
| Administrative | | Wohn, Gary | Pabon Molina, Daimarie | 11/5/2019 | 10:30 AM | 10:39 AM | 00:09 | $225.00 | $33.75 | Yes | Unchecked |
| Other | | Black, Kim | Pabon Molina, Daimarie | 10/28/2019 | 11:07 AM | 11:43 AM | 00:36 | $225.00 | $135.00 | Yes | Unchecked |
| Other | | Black, Kim | Pabon Molina, Daimarie | 10/24/2019 | 2:17 PM | 2:23 PM | 00:06 | $225.00 | $22.50 | Yes | Unchecked |
| Draft/Revise | | Chitale, Ved | Pabon Molina, Daimarie | 10/17/2019 | 4:34 PM | 4:49 PM | 00:15 | $371.00 | $86.57 | Yes | Unchecked |
| Administrative | | Wohn, Gary | Pabon Molina, Daimarie | 10/17/2019 | 10:12 AM | 10:19 AM | 00:07 | $225.00 | $22.50 | Yes | Unchecked |
| Other | | Black, Kim | Pabon Molina, Daimarie | 10/17/2019 | 9:10 AM | 10:22 AM | 01:12 | $225.00 | $270.00 | Yes | Unchecked |
| Draft/Revise | | Chitale, Ved | Pabon Molina, Daimarie | 10/7/2019 | 9:25 AM | 10:04 AM | 00:39 | $371.00 | $234.97 | Yes | Unchecked |
| Other | | George, Erica | Pabon Molina, Daimarie | 10/4/2019 | 7:52 AM | 8:22 AM | 00:30 | $225.00 | $112.50 | Yes | Unchecked |
| Administrative | | Wohn, Gary | Pabon Molina, Daimarie | 10/2/2019 | 3:08 PM | 3:18 PM | 00:10 | $225.00 | $33.75 | Yes | Unchecked |

| Activity | Status | | | Date | Start Time | End Time | Time | Rate | Amount | Final | Expenses |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Other | | George, Erica | Pabon Molina, Daimarie | 9/25/2019 | 7:54 AM | 8:24 AM | 00:30 | $225.00 | $112.50 | Yes | Unchecked |
| Draft/Revise | | Gutierrez, Tina | Pabon Molina, Daimarie | 9/16/2019 | 10:21 AM | 11:21 AM | 01:00 | | | Yes | Checked |
| Research | | Gutierrez, Tina | Pabon Molina, Daimarie | 9/16/2019 | 9:10 AM | 10:11 AM | 01:01 | | | Yes | Unchecked |
| Doc Review | Performed | Chitale, Ved | | 9/9/2019 | 9:19 AM | 10:19 AM | 01:00 | $371.00 | $371.00 | Yes | Checked |
| Review | | Chitale, Ved | Pabon Molina, Daimarie | 9/6/2019 | 11:02 AM | 11:32 AM | 00:30 | $371.00 | $185.50 | Yes | Unchecked |
| Review | | Chitale, Ved | Pabon Molina, Daimarie | 9/5/2019 | 8:00 PM | 8:16 PM | 00:16 | $371.00 | $98.93 | Yes | Unchecked |
| Administrative | | Wohn, Gary | Pabon Molina, Daimarie | 9/4/2019 | 10:01 AM | 10:10 AM | 00:09 | $225.00 | $33.75 | Yes | Unchecked |
| Review | | Chitale, Ved | Pabon Molina, Daimarie | 8/28/2019 | 2:25 PM | 2:47 PM | 00:22 | $371.00 | $129.85 | Yes | Unchecked |
| Other | | George, Erica | Pabon Molina, Daimarie | 8/28/2019 | 8:17 AM | 9:47 AM | 01:30 | $225.00 | $337.50 | Yes | Unchecked |
| Correspondence | Performed | Chitale, Ved | | 8/26/2019 | 6:40 PM | 7:16 PM | 00:36 | $371.00 | $222.60 | Yes | Checked |
| Other | | George, Erica | Pabon Molina, Daimarie | 8/26/2019 | 1:32 PM | 2:32 PM | 01:00 | $225.00 | $225.00 | Yes | Unchecked |
| Draft/Revise | | Chitale, Ved | Pabon Molina, Daimarie | 8/23/2019 | 10:30 AM | 11:00 AM | 00:30 | $371.00 | $179.32 | Yes | Unchecked |
| Draft/Revise | | Chitale, Ved | Pabon Molina, Daimarie | 8/22/2019 | 9:41 AM | 11:00 AM | 01:19 | $371.00 | $488.48 | Yes | Unchecked |
| Administrative | | Wohn, Gary | Pabon Molina, Daimarie | 6/28/2019 | 8:31 AM | 8:37 AM | 00:06 | $225.00 | $18.75 | Yes | Unchecked |
| Research | | Chitale, Ved | Pabon Molina, Daimarie | 5/21/2019 | 4:23 PM | 4:36 PM | 00:13 | $371.00 | $74.20 | Yes | Unchecked |
| Administrative | | Wohn, Gary | Pabon Molina, Daimarie | 5/2/2019 | 3:13 PM | 3:19 PM | 00:06 | $225.00 | $22.50 | Yes | Unchecked |
| Draft/Revise | | Chitale, Ved | Pabon Molina, Daimarie | 4/29/2019 | 3:57 PM | 4:39 PM | 00:42 | $371.00 | $253.52 | Yes | Unchecked |
| Draft/Revise | | Chitale, Ved | Pabon Molina, Daimarie | 4/28/2019 | 6:13 PM | 6:19 PM | 00:06 | $371.00 | $30.92 | Yes | Unchecked |
| Draft/Revise | | Chitale, Ved | Pabon Molina, Daimarie | 4/26/2019 | 2:16 PM | 3:00 PM | 00:44 | $371.00 | $272.07 | Yes | Unchecked |
| Draft/Revise | | Chitale, Ved | Pabon Molina, Daimarie | 4/25/2019 | 10:02 PM | 10:35 PM | 00:33 | $371.00 | $204.05 | Yes | Unchecked |
| Review | | Chitale, Ved | Pabon Molina, Daimarie | 4/25/2019 | 10:50 AM | 11:44 AM | 00:54 | $371.00 | $327.72 | Yes | Unchecked |
| | | | | | | | 162:49 | | $50,896.02 | | |

# EXHIBIT C

**2:47 PM**
**09/04/20**
**Accrual Basis**

**Kennedy Hodges & Associates Ltd.,  LLP**
## Account QuickReport
### All Transactions

**Adv case exp**          **Pabon Molina, Daimarie**

| Date | Num | Name | Memo | Amount |
|------|-----|------|------|--------|
| 05/01/19 | | USPS.com | Pri ml to  Cadillac Lounge | 7.35 |
| 05/01/19 | | USPS.com | Pri ml to Club Desire | 7.35 |
| 05/03/19 | | USPS.com | Pri ml to client | 7.35 |
| 06/24/19 | | USPS.com | Pri ml to Club Desire | 7.35 |
| 06/25/19 | | USPS.com | Pri ml to The Cadillac Lounge | 7.35 |
| 09/04/19 | 1448 | Enright Law LLC | 8/26 local counsel fees | 450.00 |
| 09/04/19 | 1448 | Enright Law LLC | 8/26 local counsel Filing fees, PHV Motions | 500.00 |
| 10/02/19 | 1463 | Enright Law LLC | 9/09 local counsel fees | 75.00 |
| 10/02/19 | 1463 | Enright Law LLC | 9/09 local counsel PHV Filing fees | 100.00 |
| 10/17/19 | | US District Court - Rhode Island | PHV - DWH | 100.00 |
| 11/05/19 | 1480 | Enright Law LLC | 10/17-23 local counsel fees | 150.00 |
| 05/11/20 | | American Arbitration Association... | Filing fee | 300.00 |
| 05/19/20 | | Whelan Corrente Flanders Kinder & Siket | Reimb filing fees | -300.00 |
| 10/05/20 | | American Arbitration Association... | Case Management Fee, half | 375.00 |
| | | | | 1,786.75 |
| | | | Local counsel fees | -675.00 |
| | | | | 1,111.75 |
| | | USPS.com | Pri ml to client | 7.75 |
| 9/3/2020 - 9/08/20 | | | 1901061 Canon:  Printer | 40.50 |
| | | | Admin | 50.00 |
| | | | Case exp as of 11/23/20 | 1,210.00 |